**Doris M. ARMSTRONG**

v.

**John H. NORBERG, Tax Administrator.**

**No. 80–221–M.P.**

Supreme Court of Rhode Island.

May 8, 1980.

Samuel A. Olevson, Providence, for petitioner.

Dennis J. Roberts II, Atty. Gen., William G. Brody, Asst. Atty. Gen., Perry Shatkin, Chief Legal Officer (Taxation), Providence, for respondent.

ORDER

The petitioner's application for stay of the Superior Court order is denied.

**Jana VETTER**

v.

**Kirk MORANG et al.**

**No. 80–212–Appeal.**

Supreme Court of Rhode Island.

May 9, 1980.

Longolucco & Lenihan, William J. Gallogly, Westerly, for petitioner.

Gregory and Acton, Ltd., Donald M. Gregory II, Wickford, David C. Moretti Law Offices, Kenneth Scott Goldworm, Cranston, for respondents.

ORDER

This case comes before the court on respondents' motion for a stay pending appeal under Rule 8 of enforcement of a Family Court decree granting petitioner's motion to revoke her consent to termination of parental rights. A temporary stay of the decree was entered by a justice of this court on April 29, 1980, pending a hearing by the court on May 8, 1980. After hearing arguments of counsel, we are of the opinion that respondents were not afforded a proper opportunity to be heard on petitioner's motion to revoke her consent to termination of parental rights nor was the petition of the Department of Children and Their Families (Department) seeking to declare the petitioner's child, Joseph Vetter, a dependent, neglected and abused child considered by the trial justice. Accordingly, the respondents' motion for a stay of the Family Court decree pending appeal is hereby granted in accordance with our decision in *Narragansett Electric Co. v. Harsch*, 117 R.I. 940, 367 A.2d 195 (1976). Meanwhile the case is remanded to the Family Court with instruction to proceed to consider the petition by the Department seeking a declaration that the child is a dependent, neglected and abused child. Custody of the child, Joseph Vetter, is to continue in the custody of the Department pending a determination of the Department's petition.